[No. 8034. Department Two. November 9, 1909.]

GEORGE McKAY, *Respondent*, v. J. M. E. ATKINSON & COMPANY *et al.*, *Appellants*.[1]

ATTORNEY AND CLIENT—COMPENSATION—EVIDENCE OF EMPLOYMENT —SUFFICIENCY. Findings to the effect that an attorney was employed by a corporation, or at least that the corporation ratified the employment, are sustained where it appears that the officers had conversations with the attorney about the suits, in which it was interested, directed action to be taken therein, and upon request paid part of the attorney's bills.

Appeal from a judgment of the superior court for King county, Griffin, J., entered December 22, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Sullivan & Stevens*, for appellants.

*Thomas B. MacMahon*, for respondent.

DUNBAR, J.—This action was instituted in the superior court of King county, for the purpose of recovering attorney's fees for alleged services in such capacity. It is not necessary to repeat the allegations of the complaint. The substance is that legal services had been rendered by the plaintiff, amounting to the sum of $580, and that there was a balance due of $320. The defendants Atkinson & Company and

[1]Reported in 104 Pac. 806.

H. H. Eaton denied all allegations of the complaint, except the payment of the $260. The cause was tried to the court, and judgment was rendered in favor of the plaintiff for the sum of $320, the amount demanded in the complaint. The court found that, on or about the 1st day of February, 1908, the defendants J. M. E. Atkinson & Company and H. H. Eaton retained and employed the plaintiff as an attorney at law to try certain lawsuits mentioned in the findings; that the plaintiff tried the causes; found the reasonable value of said services, and entered a judgment for $320.; as a conclusion of law, found that the plaintiff was entitled to the sum of $320, and judgment was rendered therefor.

There is no question as to the amount charged for the services rendered, it being admitted in appellants' brief that the respondent rendered the services alleged in his complaint, and that the only question was, for whom the services were performed, the contention of the appellants being that, if the respondent was employed at all, he was employed by H. H. Eaton as an individual, and that the corporation J. M. E. Atkinson & Company did not employ him, did not ratify the employment, and is in no way responsible for the services rendered.

There is a plain conflict of testimony in this case between the witness Eaton and the respondent George McKay. The court found the facts in favor of McKay, and from an examination of the record we are not prepared to say that the findings were not warranted. The respondent testified that he had had conversations in relation to these several employments with both Mr. Eaton and Mr. Atkinson, the president of the corporation; that Mr. Eaton informed him that he had arrangements with Atkinson whereby Atkinson was to furnish the money and he and Atkinson were to divide the net profits; that in the Gould cases Gould was merely trustee for Atkinson, and that Mr. Eaton held the title in trust for them. So that, if this statement is true—and the court evidently believed it was, notwithstanding the denial on the part of Eaton

and Atkinson—the corporation was interested in the legal proceedings. The respondent testified that Eaton told him to go over and see Atkinson about the necessity of his going to the supreme court in one of the cases; that he did go over and talked with Atkinson, and that Atkinson told him if it was necessary to go, and that he did go on with the case after such conversation; that he had talked with Mr. Roberts, a member of the corporation and its secretary-treasurer; that Roberts represented himself as the agent of the corporation in that particular transaction; that he had written a letter addressed to J. M. E. Atkinson & Company, asking for the payment of $100 on account, and the letter stated the title to the case in which he had rendered the service; that the order was approved by Mr. Eaton, he writing his O. K. on the margin of it; that after waiting a few days and not hearing anything from it, he went down to the office of Atkinson & Company and, when he got to the office, the check was there ready for him, signed "J. M. E. Atkinson & Company," together with a letter handed to him. The letter was as follows:

"We have for acknowledgment your favor of April 2nd and as requested therein take pleasure in handing you herewith our check for $100 on account of your service in case of Gould vs. Knox, Gould vs. White, Gould vs. Stanton, and Gould vs. Austin. Kindly acknowledge receipt, and oblige,
"Yours very truly,
"J. M. E. Atkinson & Co.;"

that this letter was written on stationery of J. M. E. Atkinson & Company; that he had two or three conversations with Mr. Atkinson after that in relation to the business; that on another occasion he received another check signed "J. M. E. Atkinson & Company," and that this check was handed to him by Mr. Atkinson himself; that finally Atkinson refused to pay any more bills unless they were O. K.'d by Eaton, and that Eaton refused to O. K. them.

Mr. Eaton denied many of these statements alleged to have been made by him, and denied responsibility for the employ-

ment, but would not deny that he was in the respondent's office at the time the first letter was written to the corporation by the respondent, simply contenting himself with saying that he "could not say"; but admitted that he O. K.'d a demand or request for payment of that money by the respondent, and when asked if he did not know that that request was addressed to J. M. E. Atkinson & Company, he replied: "It may have been; I could not say," and made the same reply to the question propounded to him in relation to the second request for $100 addressed to J. M. E. Atkinson & Company; admitting also that he O. K.'d that order or request, knowing that it was addressed to the corporation.

There is no dispute that the respondent had the conversation with Roberts that he claims to have had, in relation to this employment. Atkinson admits that he tore open the letter that was addressed to him, in relation to this fee, and sat there and talked about the cases with the respondent, and that the letter was addressed to J. M. E. Atkinson & Company. Considering the relationship which undoubtedly existed between Eaton and the corporation, the action of Atkinson, the president of the corporation, in paying these demands, and the conversation he had with the respondent in regard to them, and the undisputed statement of the respondent in relation to the conversation that he had concerning this employment with Roberts, the secretary-treasurer of the corporation, we think the court rightly concluded that the corporation was a party interested in these' lawsuits, and that it employed or at least ratified the employment of the respondent, and that it cannot now escape responsibility in that regard. The counsel cites 21 Am. & Eng. Ency. Law (2d ed.), p. 858, to the effect that "the powers of the president [of a corporation] as such, extends only to matters arising in the ordinary course of the company's business, and contracts made by him as to other matters are not binding on the corporation although made in its behalf." This, no doubt, is the general rule, but the next citation from the

same author, at page 859, viz: "In the nature of the case, no precise rules can be laid down as to the power of the president in respect to particular transactions, for this will be determined largely by the nature of the company's business and the other circumstances of the case," is applicable here.

Applying this principle of the law to the facts shown by the testimony, we think the judgment of the court was right, and it will, therefore, be affirmed.

RUDKIN, C. J., CROW, MOUNT, and PARKER, JJ., concur.